UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

HARVEY GOODMAN,

    Plaintiff,

vs.

6:09-cv-2003-Orl-31DAB

TITUSVILLE HOTEL CORPORATION,
a Florida corporation, d/b/a THE CLARION INN,

    Defendant.
_____/

## COMPLAINT

Plaintiff, HARVEY GOODMAN, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues TITUSVILLE HOTEL CORPORATION, a Florida corporation, d/b/a THE CLARION INN (hereinafter, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2.    Venue is proper in this Court, Middle Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Middle

1

District of Florida in that all events giving rise to this lawsuit occurred in Brevard County, Florida.

3   At the time of Plaintiff's visit to THE CLARION INN prior to instituting the instant action, HARVEY GOODMAN (hereinafter referred to as "GOODMAN") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited THE CLARION INN but was denied full and equal access to, and full and equal enjoyment of, the facilities within THE CLARION INN which is the subject of this lawsuit.

4.   The Defendant, TITUSVILLE HOTEL CORPORATION, a Florida corporation, d/b/a THE CLARION INN is authorized to conduct, and is conducting business within the State of Florida. Upon information and belief, TITUSVILLE HOTEL CORPORATION, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as THE CLARION INN, located at 4951 S. Washington, Titusville, Florida (hereinafter and heretofore referred to collectively as "THE CLARION") which also maintains and controls the Subject Facility. Upon information and belief, TITUSVILLE HOTEL CORPORATION, is also the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as THE CLARION located at 4951 S. Washington, Titusville, Florida (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Brevard County in the Middle District.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the

3

opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, THE CLARION is a place of public accommodation in that it is an establishment which provides food, beverages and services to the public.

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and

full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at THE CLARION in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at THE CLARION. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendant, THE CLARION. Prior to the filing of this lawsuit, GOODMAN personally visited THE CLARION with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of THE CLARION and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facility in the past, resides within driving distance to said Subject Facility, and importantly, Plaintiff intends to return to the Subject Facility, during the upcoming Spring. Notwithstanding Plaintiff's plans of return, during the upcoming Spring, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required by the ADA, including the removal of the architectural barriers which remain at the Subject Facility.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which

said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) The reception check-in service counter located at Subject Facility is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(2), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm); or an auxillary counter with a maximum height of 36 inches (915 mm) in close proximity to the main counter; or an equivalent facilitation.

(ii) Failure to provide the proper number of accessible guestrooms and accessible guestrooms with roll-in showers, in violation of 28 C.F.R. Part 36. Appendix A.

(iii) The cash register at check-in service counter is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(iv) The bell, located on top of the check-in service counter, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(v) The table in seating area near reception counter is not accessible in violation of 28 C.F.R. Part 36.

(vi) The Automatic Teller Machine, (ATM) located in the lobby, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(vii)   The bar counter, located at the Subject Facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(viii)  Failure to provide safe access to the bar located at the Subject Facility, due, in part to multiple steps leading into said bar area, in violation of 28 C.F.R. Part 36.

(ix)   The window tables located in the bar area are inaccessible, due, in part to multiple steps leading to said area from the interior, in violation of 28 C.F.R. Part 36.

(x)    Failure to install an accessible stall-type or wall-hung urinal with accessible elongated rim at a maximum height of 17 inches above the finish floor, in Lobby restroom, in accordance with 28 C.F.R. Part 36, Section 4.1 and Section 4.18.2.

(xi)   Failure to provide accessible urinal flushing mechanism, in Lobby restroom, in violation of 28 C.F.R. Part 36.

(xii)  Failure to completely and properly insulate exposed hot water and abrasive drain pipes under lavatories, in Lobby restroom, to prevent burns and scrapes, as required by 28 C.F.R. Part 36, Section 4.19.4.

(xiii) Failure to provide accessible toilet flushing mechanism, in Lobby restroom, in violation of 28 C.F.R. Part 36.

(xiv)  Failure to provide an accessible hand dryer, in Lobby restroom, at accessible height as required by 28 C.F.R. Part 36.

(xv)   Failure to install an accessible mirror, in Lobby restroom, in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(xvi) Failure to provide a paper towel dispenser, in Lobby restroom, at an accessible height as required by 28 C.F.R. Part 36, Section 4.22.7.

(xvii)   Failure to provide an accessible soap dispenser, in Lobby restroom, as required by 28 C.F.R. Part 36, Section 4.22.7.

(xviii) Failure to provide a safe, accessible emergency exit, in the buffet dining area, due to a step at said emergency exit, without an ADA compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36.

(xix)   Failure to provide an accessible fire alarm, near the emergency exit, in the buffet dining area, in violation of 28 C.F.R. Part 36.

(xx)   Failure to provide a safe handicap accessible exterior emergency exit from the bar area, due, in part, to multiple steps leading from the bar to said exterior emergency exit without an ADA compliant ramp or wheelchair lift, in violation of 28 C.F.R. Part 36.

(xxi)   The pool area located at the Subject Facility is inaccessible, due, in part to the gate latch at the entrances to the pool which are at an inaccessible height and require pinching, in violation of 28 C.F.R. Part 36.

(xxii)   Failure to provide a lift into the pool located at the Subject Facility in violation of 28 C.F.R. Part 36.

16.   Upon information and belief, there are other current violations of the ADA at THE CLARION. The discriminatory violations described above, in paragraph 15, are not an exclusive list of the ADA violations at the Subject Facility, and Plaintiff requires an

inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA.

17.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject Facility, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facility, and compromise his safety.

18.     Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A.  The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

B.  The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C.  The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D.  The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.  The Court award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of November, 2009.

11

Respectfully submitted,

By: _____
B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877